**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2006[*]
Decided November 28, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2340

BRUCE MELTON,
    *Plaintiff-Appellant*,

    *v.*

PLASTIPAK PACKAGING, INC.,
    *Defendant-Appellee*.

Appeal from the United States District Court for the Central District of Illinois

No. 05-2046

Michael P. McCuskey,
*Chief Judge.*

**O R D E R**

After Plastipak Packaging, Inc. ("Plastipak") fired him in January 2004, Bruce Melton sued Plastipak under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for race discrimination (Melton is African-American). The district court granted summary judgment for Plastipak, and we affirm.

We view the facts in the light most favorable to Melton. *See Ballance v. City of Springfield*, 424 F.3d 614, 616 (7th Cir. 2005). In 2002 Melton began working as

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

a material handler for Plastipak, a manufacturer of plastic packaging containers. Melton organized warehouse materials and kept inventory. On December 13, 2003, an employee from Plastipak's Human Resources department received an anonymous telephone call. The caller asserted that Melton had been pilfering Plastipak's materials and reselling them to a man named Larry Meyers. The caller detailed the time, place, and manner of the exchanges.

About a month later one of Plastipak's employees noticed a truck pull into the dock area after dark. The driver began loading Plastipak inventory into his truck. Aware of the recent thefts, the employee called his supervisor to the scene. The supervisor arrived and confronted the truck driver, Meyers, who admitted taking the materials with help from one of Plastipak's employees. Meyers initially claimed that his contact inside Plastipak was a "white guy with gray hair and glasses." But after his cousin, another Plastipak employee, talked with Meyers alone, Meyers identified Melton as his accomplice. In addition, another Plastipak employee reported that on another occasion, he had seen Meyers and Melton talking together.

Plastipak questioned Melton about the thefts, but he denied having participated in them. Melton also disclaimed knowing Meyers. But, based on Meyers's statement and the earlier evidence linking Melton to the thefts, Plastipak officials disbelieved him. Invoking its policy of firing employees for lying, two days later Plastipak terminated Melton for lying about his relationship with Meyers and the theft.

In February 2005 Melton filed this complaint alleging racial discrimination in the discharge. The district court granted summary judgment for Plastipak, concluding that Melton did not offer any evidence that Plastipak's reason for firing him was pretextual.

On appeal Melton argues that the district court incorrectly granted summary judgment because Meyers's initial statement implicating someone other than Melton is evidence that Plastipak's stated reason for firing him (that he lied) was pretextual. Summary judgment is appropriate if the moving party demonstrates

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006). We review the district court's grant of summary judgment de novo. *Scaife v. Cook County*, 446 F.3d 735, 738-39 (7th Cir. 2006). An employer is entitled to summary judgment in an indirect case of discrimination under Title VII (which this is) if there is no evidence that the employer's stated, non-discriminatory reason for the adverse action is dishonest.

*See Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 417-19 (7th Cir. 2006) ("If it is the true ground and not a pretext, the case is over.").

In this case, there is no evidence that Plastipak's stated reason for discharging Melton—his dishonesty—was insincere. Melton does not dispute that Meyers gave Plastipak a reason to believe that Melton was involved in the theft of Plastipak property. While Plastipak had reason to question Meyers's reliability, given that his story changed after consulting with his cousin, Plastipak had other reasons to believe Melton was dishonest: the separate call alerting Plastipak to Melton's activities of theft and an employee's account of Melton's on-site conversations with Meyers.

Melton's argument is largely based on his belief that the investigation was poorly conducted. But a flawed investigation is not evidence that Plastipak was untruthful about its reasons for Melton's termination. *See Sublett v. Wiley & Sons, Inc.*, 463 F.3d 731, 737 (7th Cir. 2006). Because Melton cannot show any evidence that Plastipak's reason was pretextual, summary judgment was properly granted. *See Forrester*, 453 F.3d at 417 (7th Cir. 2006).

AFFIRMED.